United States District Court
Southern District of Texas
**ENTERED**
January 02, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KESHIA DANIELLE BAKER, § <br> § <br> *Plaintiff,* § <br> v. § CIVIL ACTION NO. 4:24-cv-1522 <br> § <br> BRET ANDREW RHODES and ROGER § <br> CLEVELAND GOLF COMPANY, INC., § <br> § <br> *Defendants.* § | |

## ORDER

Pending before the Court is Defendant Roger Cleveland Golf Company, Inc.'s ("Defendant" or "RCG") Partial Motion for Summary Judgment. (Doc. No. 16). Plaintiff Keshia Danielle Baker ("Plaintiff" or "Baker") did not file a response. After considering the applicable law, motion, and summary judgment evidence, the Court hereby GRANTS Defendant's Motion. (Doc. No. 16).

### I.   Background

This action arises out of a motor vehicle accident in Harris County, Texas. (Doc. No. 1-3 at 5). Plaintiff alleges that Defendant Bret Rhodes ("Rhodes") was driving a large box truck in the course and scope of his employment with RCG when Rhodes ran a red light. (*Id.*). Rhodes entered the intersection and allegedly hit Plaintiff's vehicle with enough force to cause her to spin and collide with a third vehicle. (*Id.*). Plaintiff maintains that Rhodes was looking at his mobile device at the time of the accident instead of the road or the traffic signals. (*Id.*). Baker seeks damages to compensate for her alleged injuries caused by this accident. (*Id.* at 8).

Baker initiated this lawsuit in Texas state court alleging two causes of action: negligence against Rhodes and negligent entrustment, supervision, and training against RCG. (*Id.* at 6–8).

1

Defendant removed the suit to this Court. (Doc. No. 1). Defendant now moves for partial summary judgment, contending that because RCG is not contesting vicarious liability and has in fact stipulated that Rhodes was within the course and scope of his employment at the time of the subject accident, Plaintiff's direct liability negligent entrustment claim fails as a matter of law. (Doc. No. 16 at 2); (Doc. No. 16-1 at 1).

## II.   Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)).

Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248. It is the responsibility of the parties to specifically point the Court to the pertinent evidence, and its location, in the record that the party thinks are relevant.

*Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). It is not the duty of the Court to search the record for evidence that might establish an issue of material fact. *Id.*

### III. Analysis

Under the doctrine of *respondeat superior,* an employer will be held vicariously liable for the negligence of its employee regardless of any allegation of fault on the part of the employer. *Bedford v. Moore,* 166 S.W.3d 454, 461 (Tex. App.—Fort Worth 2005, no pet.). An employer is vicariously liable for its employee's negligence if "at the time of the negligent conduct, the worker (1) was an employee and (2) was acting in the course and scope of his employment." *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 131 (Tex. 2018), reh'g denied (Dec. 14, 2018) (citing *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 757 (Tex. 2007)). In contrast, direct claims such as negligent hiring, supervision, training, and retention are based on the employer's own negligent conduct in creating an unreasonable risk of harm to others. *See generally Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 49 (Tex. App.—Fort Worth 2002, no pet.); *Estate of Arrington v. Fields*, 578 S.W.2d 173, 178 (Tex. App.—Tyler 1979, writ ref'd n.r.e.). Thus, causes of action for negligent hiring, supervision, training, and retention are another means to make an employer liable for the negligence of an employee. *See Rosell v. Cent. W. Motor Stages, Inc.*, 89 S.W.3d 643, 657 (Tex. App.—Dallas 2002, pet. denied).

Texas courts have emphasized that, in matters involving only ordinary negligence, a direct liability claim, such as negligent hiring or entrustment, and a claim resulting in vicarious liability under *respondeat superior* could be mutually exclusive modes of recovery. *See id.* at 654; *Estate of Arrington*, 578 S.W.2d at 178. This occurs only when a plaintiff pleads ordinary negligence rather than gross negligence against an employer and employee, and the employer's liability for its employee's negligent acts has been established through a stipulation of vicarious liability. *See*

3

*e.g.*, *Simmons v. Bisland*, 2009 WL 961522, at *4 (Tex. App.—Austin 2009, pet. denied) (finding that, "[a]s a general rule, evidence supporting alternative liability theories such as negligent hiring or negligent entrustment is inadmissible when the defendant has stipulated to vicarious liability"). In short, "if vicarious liability is not contested, the employee's competence and the employer's own negligence in hiring, failing to properly train, or negligently supervising become irrelevant, as long as a plaintiff pleads ordinary negligence." *Williams v. McCollister*, 671 F. Supp. 2d 884, 888 (S.D. Tex. 2009) (citing *Estate of Arrington*, 578 S.W.2d at 178).

In Baker's complaint, she does not allege a gross negligence claim against either RCG or Rhodes, nor does she request punitive damages. *See* (Doc. No. 1-3). Moreover, RCG has stipulated that Rhodes was an employee acting within the course and scope of his employment at the time of the accident at issue. (Doc. No. 1-1). As such, RCG's liability for any negligence on the part of Rhodes that was a proximate cause of the accident in question has been established under the doctrine of *respondeat superior*. *See Rosell*, 89 S.W.3d at 654. Therefore, if Rhodes's negligent conduct is found to be the proximate cause of Plaintiff's injuries, any negligence on RCG's own part that may have contributed to the accident is wholly irrelevant, including questions regarding Rhodes's competence as an employee and whether he received proper supervision and training.

Since Plaintiff has pled only ordinary negligence in her complaint, and RCG has stipulated that Rhodes was acting within the course and scope of his employment at the time of the accident, RCG will be held responsible for any negligence assessed against its employee. As such, Texas law supports the Court granting RCG's partial summary judgment motion, dismissing the claims pertaining to negligent hiring, supervision, training, and retention of Rhodes.

## IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Defendant's Partial Motion for Summary Judgment. (Doc. No. 16). Plaintiff's claim against RCG for negligent entrustment, supervision, and training is therefore dismissed.

SIGNED at this 2nd day of January, 2025.

Andrew S. Hanen
United States District Judge